# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael Smallwood,**
**Plaintiff Below, Petitioner**

**vs) No. 12-0543** (Marion County 12-C-22)

**Fairmont General Hospital, Inc.,**
**Terri Bonasso, and Dr. Gravrilo Lazovic,**
**Defendants Below, Respondents**

**FILED**

**May 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Michael Smallwood, *pro se*, appeals the circuit court's order granting respondents' motion to dismiss, entered March 22, 2012, by the Circuit Court of Marion County. Respondents Fairmont General Hospital, Inc. and Terri Bonasso, by counsel Stephen R. Brooks, filed a response in support of the circuit court's order. Respondent Dr. Gravrilo Lazovic filed no response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2008, petitioner filed a civil action, 08-C-289, *pro se*, in the circuit court alleging violations of the United States Health Insurance Portability and Accountability Act ("HIPAA"). On May 18, 2010, the action 08-C-289 was dismissed with prejudice by the circuit court. On January 12, 2012, petitioner filed the instant action. On February 17, 2012, following respondents' motion to dismiss, petitioner filed a "motion to amend petition," along with an amended petition. The amended petition alleged that petitioner was a patient at Respondent Fairmont General's emergency room after being injured in an accident, and that Respondent Lazovic, petitioner's treating physician, harmed petitioner after not exercising due care and not following HIPAA requirements. Additionally, petitioner states that he was injured due to subsequent medical services from other medical providers due to "pre-existing bias" arising from the actions during his September of 2006 visit to Respondent Fairmont General's emergency room. The circuit court granted respondents' motion to dismiss, with prejudice, finding that the new injuries alleged by petitioner arise from the same events at issue in the civil action 08-C-289 and are barred by the doctrine of res judicata. Additionally, the circuit court held that the statute of limitations bars the suit based upon the emergency room visit on September 1, 2006.

1

On appeal, petitioner argues that the circuit court should not have considered his earlier case. Further, he argues there are issues of fact that could be established at trial. Finally, Petitioner argues that the circuit court did not permit him to amend his complaint, and should have done so. Respondents argue that the elements of res judicata are satisfied because the earlier action had a final adjudication on the merits, involved the same parties, and the cause of action could have been resolved if presented in the prior action. *See* Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr.*, 201 W. Va. 469, 498 S.E.2d 41 (1997). Respondents further argue that the statute of limitations expired pursuant to West Virginia Code § 55-2-12, after the emergency room visit on September 1, 2006. Finally, respondents argue that the circuit court specifically states that it considered petitioner's amended complaint, so he is entitled to no further consideration of his "motion to amend complaint."

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his petition for appeal. We consider a circuit court's order granting a motion to dismiss under a de novo standard of review. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). Petitioner does not identify any actions that respondents took subsequent to the actions at issue in the earlier civil action involving the same parties, which has already been adjudicated. Therefore, the circuit court correctly granted respondents' motion to dismiss under the doctrine of res judicata. We affirm.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II